IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| BARRY EMMETT, TDCJ No. 1383329, Plaintiff, | ) ) ) ) | |
| v. | ) ) | Civil No. 7:10-CV-194-O |
| JOSEPH C. BOYLE, *et al.*, Defendants. | ) ) ) | |

MEMORANDUM OPINION AND ORDER

Petitioner, an inmate who at the time of filing was confined in the Allred Unit of the Texas Department of Criminal Justice in Iowa Park, Texas, originally brought this action pursuant to 28 U.S.C. § 2254. Emmett challenged the validity of disciplinary action no. 20090254355 which was taken against him at the Allred Unit. On September 9, 2009, this Court entered its opinion denying habeas relief on the ground that, in light of the punishments imposed and because Petitioner was not eligible for mandatory supervised release, he had no constitutionally protected liberty interest at stake which would necessitate due process protections.

On May 19, 2010, the Fifth Circuit Court of Appeals found that, within his habeas application, Emmett had raised claims of retaliation and denial of equal protection which are potentially cognizable under the Civil Rights Act, 42 U.S.C. § 1983. *Emmett v. Thaler*, No. 09-11095 (5th Cir. May 19, 2010). The Court of Appeals remanded the case in part for this Court "to consider only whether Emmett has alleged retaliation and equal protection claims that should be considered under § 1983." In accordance with the Fifth Circuit's opinion, this Court found that Emmett's retaliation and equal protection claims were potentially cognizable under the Civil Rights Act, 42 U.S.C. § 1983. *See Stefanoff v. Hays County, Texas*, 154 F.3d 523, 525 (5th Cir. 1998)

(equal protection); *McDonald v. Steward*, 132 F.3d 225, 227 (5th Cir. 1998) (retaliation). The claims were severed from the habeas action and the instant civil rights case was opened.

On December 15, 2010, a Notice of Deficiency and Order was entered directing Emmett to either pay the $350 filing fee or file a motion for leave to proceed *in forma pauperis*. He was also directed to file an amended complaint naming each Defendant and setting forth the factual basis of his equal protection and retaliation claims against each Defendant named. Emmett was admonished that failure to comply with the order could result in dismissal of the case. On January 18, 2011, the Court entered an order granting Emmett's request for a 60-day extension of time in which to comply with the Court's deficiency order. On March 18, 2011, Emmett filed his amended complaint.[1] The facts set forth by Plaintiff at this stage of litigation are presumed true. However, conclusory allegations and legal conclusions are insufficient to state a claim.

In his amended complaint, Emmett claims that Defendant Boyle, the disciplinary hearing officer, was prejudiced against him, failed to recuse himself upon request, and gave him the maximum punishment which resulted in atypical hardship. Amended Complaint ¶ V. Emmett claims that the disciplinary action resulted in his move to a "violent sect[ion] of the farm called medium custody where [he] was almost killed." *Id.* Plaintiff claims that Defendants Taft and Lawson were complicit in retaliating and conspired to deny him equal protection. *Id.* Specifically, he alleges that Taft and Lawson failed to investigate grievances and failed to act as his advocate. *Id.* Plaintiff seeks redress against Warden Williams and Rick Thaler because of their supervisory positions. *See id.* at ¶¶ IV & V.

---

[1] Plaintiff has not paid the filing fee or sought leave to proceed *in forma pauperis* as ordered.

State officials may not retaliate against an inmate for the exercise of a constitutionally protected right. *Woods v. Smith*, 60 F.3d 1161, 1165 (5th Cir. 1995); *Gibbs v. King*, 779 F.2d 1040, 1046 (5th Cir. 1986). In order to show retaliation an inmate "must establish (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998). Causation requires a showing that "but for the retaliatory motive the complained of incident ... would not have occurred." *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997) (quoting *Woods*, 60 F.3d at 1166). This places a significant burden on the inmate. Mere conclusory allegations are insufficient to state a claim. *Woods*, 60 F.3d at 1166; *Richardson v. McDonnell,* 841 F.2d 120, 122-23 (5th Cir. 1988). The inmate must produce direct evidence of motivation or "allege a chronology of events from which retaliation may plausibly be inferred." *Woods*, 60 F.3d at 1166 (quoting *Cain v. Lane*, 857 F.2d 1139, 1143 n.6 (7th Cir. 1988)). Trial courts are required to carefully scrutinize civil rights actions based on claims of retaliation as those claims "must [] be regarded with skepticism." *Id.* (quoting *Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994). A plaintiff's bare assertion of retaliation, without any supporting facts, is insufficient to state a claim under 42 U.S.C. § 1983. *See Woods v. Edwards*, 51 F.3d 577, 580 (5th Cir. 1995) (prisoner must show more that "personal belief" to establish retaliation).

Although he was given the opportunity to state the facts underlying his complaint, Emmett has failed to allege any scenario which could show that he was retaliated against for exercising some constitutional right. *See* Amended Complaint at ¶ V. Plaintiff's allegations of retaliation are conclusory in nature and, as such, fail to state a claim under the Civil Rights Act. Conclusory allegations and legal conclusions masquerading as factual allegations are insufficient to state a

cognizable claim when a plaintiff is directed by a court to state the factual basis of a claim. *See Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) (holding that "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."); *Van Cleave v. United States*, 854 F.2d 82, 84 (5th Cir. 1988) (requiring specific facts and noting that conclusory allegations are insufficient to maintain a claim under § 1983). Plaintiff's subjective belief that Defendants had retaliatory motives is insufficient to maintain this action. Emmett has failed to state facts which could demonstrate that, but for a retaliatory motive, the actions of Defendants would not have taken place.

With regard to his equal protection claim, Plaintiff cannot prevail. In general, the Equal Protection Clause of the Fourteenth Amendment requires that all persons similarly situated be treated alike. *Stefanoff v. Hay Co., Tex.*, 154 F.3d 523, 525-26 (5th Cir. 1998). To establish an equal protection claim, a plaintiff must show: (1) that the defendant created two or more classifications of similarly situated plaintiffs that were treated differently; and, (2) that the classification had no rational relation to any legitimate government objective. *Id.* at 526. Strict scrutiny is required of government action which implicates a fundamental right or discriminates against a suspect class based on differences such as gender, race, religion or national origin. *Sonnier v. Quarterman*, 476 F.3d 349, 368 (5th Cir. 2007) (citing *Plyer v. Doe*, 457 U.S. 202, 215-16 (1982)); *see Burlington N. R.R. Co. v. Ford*, 504 U.S. 648, 651 (1992) (classifications based on race or religion are suspect classifications); *Mississippi University for Women v. Hogan*, 458 U.S. 718, 723-25 (1982) (classification based on gender calls for heightened standard of review); *Loving v. Virginia*, 338 U.S. 1, 10-12 (1967) (classification based on race is a suspect classification); *Oyama v. California*, 332 U.S. 633, 643-47 (1948) (classification based on national origin is a suspect

classification). However, where the plaintiff is not a member of a protected class, an equal protection claim is evaluated under the rational basis test. *Reid v. Rolling Fork Pub. Util. Dist.*, 854 F.2d 751, 753 (5th Cir.1988) ("Since this case does not concern a suspect or quasi-suspect classification such as race or sex to which heightened scrutiny is given, the equal protection clause requires only a minimum degree of rationality.") Where the alleged unlawful government action does not appear to classify or distinguish between two or more relevant persons or groups, or implicate a fundamental right, then the government's action, even if irrational, does not violate the Equal Protection Clause. *Vera v. Tue*, 73 F.3d 604, 610 (5th Cir.1996) (citing *Brennan v. Stewart*, 934 F.2d 1248, 1257 (5th Cir.1988)); *Stefanoff*, 154 F .3d at 525.

In the case at bar, Plaintiff makes no claim that he is a member of a suspect class. Furthermore, the Defendants' alleged actions do not appear to classify or distinguish between two or more relevant persons or groups and Plaintiff has failed to identify any fundamental right which has been implicated. Plaintiff's conclusory allegations of an equal protection violation is insufficient to maintain this claim. *See Fernandez-Montes v. Allied Pilots Ass'n, supra; Van Cleave v. United States, supra.*

Plaintiff was given the opportunity to expound on his factual allegations by way of amended complaint. *See Eason v. Thaler*, 14 F.3d 8 (5th Cir. 1994) (requiring further development of insufficient factual allegations before dismissal as frivolous is proper). However, he failed to allege any facts which, if taken as true, would indicate that the Defendants violated his constitutional rights.

The Court may dismiss a complaint filed by an inmate if the Court determines that the action is frivolous. 28 U.S.C. § 1915A(b)(1). An action is frivolous if it lacks an arguable basis in either

law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir. 1991). A complaint is without an arguable basis in law if it is "based on indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327. The claims set forth in the case at bar have no arguable basis in law.

For the foregoing reasons it is ORDERED that Plaintiff's complaint is hereby dismissed with prejudice pursuant to 28 U.S.C. § 1915A(b)(1) as frivolous.

A copy of this order shall be transmitted to Plaintiff.

SO ORDERED this 31st day of May, 2011.

**Reed O'Connor**
**UNITED STATES DISTRICT JUDGE**